UNITED STATES DISTRCIT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

**FRED EHRLICH**,

                                      Plaintiff,                **ANSWER**

        -against-                                        07 CV 11597 (SCG)

**ALFRED A. GATTA**, as the Village Manager of Scarsdale,
**WALTER J. HANDELMAN** as the Mayor of Scarsdale,
**JOHN A. BROGAN** as Scarsdale Police Chief, and the
**VILLAGE AND TOWN OF SCARSDALE**,

                                      Defendants.

------------------------------------------------------------------------X

      Defendants, by their attorneys, RICE & AMON, as and for their answer to the complaint herein, allege, upon information and belief, the following:

      1.  Deny each and every allegations set forth in paragraphs "3", "10", "15", "18", "26", "27", "28" and "29" of the complaint.

      2.  Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs "7", "13", "17", "19", "20" "21", "22", "23", "24" and "12" of the complaint.

## ANSWERING THE FIRST CLAIM

      3.  Deny each and every allegations set forth in paragraphs "34", "38", "48" and "49" of the complaint.

      4.  Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs "30", "31", "32", "33", "35", "36", "37", "40", "41", "42", "43", "44", "45" and "46" of the complaint.

## ANSWERING THE SECOND CLAIM

5. Answering the allegations set forth in paragraph "50" of the complaint, Defendants repeat the denials and responses set forth in answer to paragraphs "1" through "49" of the complaint.

6. Deny each and every allegations set forth in paragraphs "51", "52", "53" and "54" of the complaint.

## ANSWERING THE THIRD CLAIM

7. Answering the allegations set forth in paragraph "55" of the complaint, Defendants repeat the denials and responses set forth in answer to paragraphs "1" through "54" of the complaint.

8. Deny each and every allegations set forth in paragraphs "57" and "58" of the complaint.

9. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "56" of the complaint.

## ANSWERING THE FOURTH CLAIM

10. Answering the allegations set forth in paragraph "59" of the complaint, Defendants repeat the denials and responses set forth in answer to paragraphs "1" through "58" of the complaint.

11. Deny each and every allegations set forth in paragraphs "60" of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

12. The complaint fails to allege facts to substantiate that Plaintiff is a "qualified individual" pursuant to the ADA.

13. As a result, the complaint fails to state a claim pursuant to the ADA.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

14. The complaint fails to allege facts to substantiate that Plaintiff has a physical or mental impairment that substantially limits one or more major life activities pursuant to the ADA.

15. As a result, the complaint fails to state a claim pursuant to the ADA.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

16. The complaint fails to allege facts to substantiate that Plaintiff was excluded from participation in, denied the benefits of, or subjected to discrimination solely because of a disability.

17. As a result, the complaint fails to state a claim pursuant to the ADA.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

18. The Village presently provides parking that is in compliance will all applicable regulations.

19. As a result, the action is moot and must be dismissed.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

20. The ADA authorizes only injunctive relief and damage claims are not cognizable pursuant to the ADA.

21. As a result, the complaint fails to state a cognizable claim for damages pursuant to the ADA.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

22. In the alternative, compensatory damages for mental and emotional injury are not recoverable absent intentional discrimination.

23. The complaint is devoid of any factual allegations of intentional discrimination.

24. The complaint fails to state a cognizable claim for damages for mental and emotional injury.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

25. Because the claims pursuant to the ADA are moot, Plaintiff is not entitled to an award of attorneys' fees as a matter of law.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

26. Plaintiff's claims pursuant to the ADA are barred by virtue of the failure to provide notice to Defendants at least 30 days prior to the institution of suit.

### AS AND FOR AN NINTH AFFIRMATIVE DEFENSE

27. The ADA does not provide covered individuals with the right to violate the law or to park their vehicles in time restricted parking areas for periods in excess of the permissible time.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

28. The state law damage claim is barred by virtue of the failure to file a timely or proper notice of claim in compliance with General Municipal Law § 50-e and CPLR § 9801.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

29. The state law damage claims are barred by sovereign immunity.

### AS AND FOR AN TWELVETH AFFIRMATIVE DEFENSE

30. The fourth cause of action fails to state any cognizable claim as a matter of law.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

31. The complaint is devoid of any factual allegations of culpable on the part of Alfred A. Gatta, Walter J. Handelman or John A. Brogan.

32. As a result, the complaint fails to state a claim against the named individuals and should be dismissed as against them.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

33. Plaintiff's claims are not ripe.

**WHEREFORE**, Defendants demand judgment dismissing the complaint herein, together with the costs and disbursements of the action.

Dated: Suffern, New York
January 16, 2008

Rice & Amon

/s/_____
By: Terry Rice (TR 1022)
Attorneys for Defendants
Four Executive Boulevard
Suite 100
Suffern, New York 10901
(845) 357-4000

To: William L. Barish
Attorney for Plaintiff
30 Glenn Street
White Plains, New York 10603