**PRELIMINARY STATEMENT**

The complaint asserts that the Defendants have violated the ADA and unspecified provisions of State law by failing to provide an adequate number of handicapped parking spaces in the vicinity of the Scarsdale Train Station. However, as is demonstrated by the annexed affidavit of Daniel Sarnoff, the action is moot and baseless because the Village does, indeed, provide nine handicapped parking spaces which satisfy the requirements of the New York State Uniform Fire Prevention and Building Code.

Moreover, as is related herein, Plaintiff's claims for relief and damages pursuant to the ADA and State law and deficient and fail to state a cognizable claim as a matter of law.

**POINT I**

**THE ACTION IS MOOT**

Mootness is a jurisdictional defect. *See Preiser v. Newkirk*, 422 U.S. 395, 401 (1975); *Muhammad v. City of New York Dept. of Corrections*, 126 F.3d 119, 122 (2d Cir.1997); *Blackwelder v. Safnauer*, 866 F.2d 548, 550 (2d Cir.1989). When government laws or policies have been challenged, cessation of the challenged behavior moots the suit. *See Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 474 (1990); *Princeton Univ. v. Schmid*, 455 U.S. 100, 103 (1982); *Kremens v. Bartley*, 431 U.S. 119, 128-29 (1977); *Diffenderfer v. Cent. Baptist Church, Inc.*, 404 U.S. 412, 415 (1972). A claim asserted pursuant to the ADA is moot if the purported violation has been rectified. *See World Insurance Co. v. Branch*, 156 F.3d 1142, 1143 (11th Cir. 1998); *Independent Living Resources v. Oregon Arena Corp.*, 982 F.Supp. 698, 771 (D.Or. 1997); *Wilson v. Pier 1 Imports*, 439 F.Supp.2d 1054, 1071 (E.D. Cal. 2006); *Hubbard v. 7-Eleven, Inc.*, 433

F.Supp.2d 1134, 1145 (S.D. Cal. 2006); *Parr v. L & L Drive Inn Restaurant*, 96 F.Supp.2d 1065 (D. Haw. 2000).

Mootness is a question of law for determination by the court. *See White River Amusement Pub, Inc. v. Town of Hartford*, 481 F.3d 163, 167 (2d Cir. 2007); *Catanzano v. Wing*, 277 F.3d 99, 107 (2d Cir.2001); *Irish Lesbian and Gay Organization v. Giuliani*, 143 F.3d 638, 634 n.3 (2d Cir. 1998). Because mootness is a jurisdictional issue, facts outside the four corners of the pleading, including affidavits, may properly be considered. *See Robinson v. Government of Malaysia*, 269 F.3d 133, 141 (2d Cir. 2001); *LeBlanc v. Cleveland*, 198 F.3d 353, 356 (2d Cir. 1999); *Filetech S.A. v. France Telecom, S.A.*, 157 F.3d 922, 932 (2d Cir. 1998); *Morrison v. Amway Corp.*, 323 F.3d 920, 924-25 (11th Cir.2003); *Mortensen v. First Federal Sav. and Loan Ass'n*, 549 F.2d 884 (3d Cir. 1977).

Neither the statue nor federal regulations provide specific requirements for the provision of handicapped parking spaces. 28 C.F.R. Part 35, Appendix A, applicable to the provision of State and Local Government services provides that "a public entity should provide an adequate number of accessible parking spaces in existing parking lots or garages over which it has jurisdiction." (§ 35.150). Implementing that mandate, the New York State Uniform Fire Prevention and Building Code provides that "the provisions of this chapter [Chapter 11] and Appendix E shall control the design of facilities for accessibility to physically disabled persons." § 1101. Pursuant to Section 1106 – Table 1106, nine handicapped accessible parking spaces are required to be provided when the total number of parking spaces is between 401 and 500. Section 1106.7 relates that "[a]ccessible parking spaces shall be located on the shortest accessible

route of travel from adjacent parking to an accessible building entrance. Accessible parking spaces shall be dispersed among the various parking facilities provided."

As is related in the annexed affidavit of Daniel Sarnoff, the Village provides 9 handicapped parking spaces for commuters utilizing the Freightway Garage and the 12 parking spaces adjacent to the train station. The provision of nine handicapped parking spaces complies with the requirements of the New York State Uniform Fire Prevention and Building Code. Moreover, by providing seven of the nine handicapped spaces immediately adjacent to the train station, the Village has implemented the intent of the ADA by providing more than 75% of the required handicapped parking spaces at the closest possible location.

As a result, it is respectfully submitted that the action is moot and must be dismissed.

## POINT II

## NO CLAIM STATED PURSUANT TO ADA

### A. Introduction

Title II of the ADA provides that "no qualified individual with a disability shall by reason of such disability be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. To make out a *prima facie* case under Title II of the ADA, a plaintiff must establish that (1) he or she has a disability; (2) is otherwise qualified; and (3) is being excluded from participation in, being denied the benefits of, or being subjected to discrimination under the program *solely* because of their disability. *See Dillery v. City of Sandusky*, 398 F.3d 562, 567 (6th Cir. 2005); *Jones v. City of Monroe*,

341 F.3d 474, 477 (6th Cir. 2003); *Wernick v. Federal Reserve Bank of New York*, 91 F.3d 379, 383 (2d Cir. 1996). A plaintiff bears the burden of alleging facts to establish a *prima facie* case of discrimination. *See Ryan v. Grae & Rybicki, P.C.*, 137 F.3d 867, 869-70 (2d Cir. 1998). Among the announced purposes of the ADA is to impose reasonable boundaries on accomplishing the purpose of assisting the handicapped. *See Southeastern Cmty. College v. Davis*, 442 U.S. 397 (1979); *Alexander v. Choate*, 469 U.S. 287 (1985).

### B. Plaintiff Not Excluded from Use of a Public Service, Program or Activity

Plaintiff does not, as he must, allege that he has been excluded from a public service, activity or program as a consequence of his alleged disability. Plaintiff has the ability of parking in handicapped parking spaces, the quantity of which has been provided in compliance with the only applicable objective standard and, in good faith, largely have been adjacent to the train station.

Despite compliance with the only objective standard, set forth in the New York State Uniform Fire Prevention and Building Code, Plaintiff alleges that the Village should be enjoined from issuing parking tickets to disabled residents, in other words, himself, with permits for the Freightway and handicapped parking until the Village has provided "handicapped parking in accordance with the ADA for disabled residents entraining at the Village Station." (¶ 49). Because Plaintiff is eligible to park his vehicle in one of the nine parking spaces designated in compliance with the New York State Uniform Fire Prevention and Building Code, his grievances are legally baseless. Nevertheless, Plaintiff's claim to be able to park wherever he desires if he purportedly cannot find a convenient handicapped parking space is repudiated by the relevant case law.

4

For example, the Eleventh Circuit determined in *Kornblau v. Dade County*, 86 F.3d 193, 194 (11th Cir. 1996), "[n]othing in the Act, its purpose, or the regulations can reasonably be read to give disabled parkers access to areas that would not be available to them if they were not disabled. The purpose of the Act is to place those with disabilities on an equal footing, not to give them an unfair advantage."

In *Kelly v. Rice*, 375 F.Supp.2d 203, 208 (S.D.N.Y. 2005), it was determined that plaintiff, who had been issued a handicapped parking permit, was not excluded from a public service, program or activity when issued a parking ticket for parking in a handicapped parking space. The Court concluded that "because the enforcement of local parking regulations is a matter governed by state or local law, decisions by officers about whtehr to issue summonses are matters of local/state discretion and do not implicate the ADA." *Id.* at 208.

In *Douris v. Newtown Borough, Inc*., 207 Fed.Appx. 242 (3d Cir. 2006), the Third Circuit affirmed the dismissal of an ADA claim based upon the issuance of parking tickets to a disabled person who parked in a no parking zone in front of his parents home because "[t]he ADA … does not give [plaintiff] the right to park his car in an area that would not be available to him if he were not disabled." *Id.* at 233. Similarly, the District Court concluded in *Douris* that "[t]he ADA does not provide the handicapped with the right to park their vehicles in no-parking zones merely because they may suffer from a disability." *Douris*, 2006 WL 680930 at 4 (E.D.Pa. 2006).

It is respectfully submitted that, as a matter of law, the allegations of the fail to adequately assert that Plaintiff has been excluded from a public service, program or activity as a result of his alleged disability.

### C. Claimed Denial of Benefit Not Solely because of Alleged Disability

To assert a colorable violation of Title II, a plaintiff must allege facts to demonstrate that the purported denial of a public was *solely* by reason of the plaintiff's disability. *See Dillery*, 398 F.3d at 567; *Mitchell v. City of Kalamazoo*, 2006 WL 3063433 (W.D.Mich. 2006); *Concerned Parents to Save Dreher Park Ctr. v. City of West Palm Beach*, 846 F.Supp. 986, 990 (S.D.Fla.1994).

The complaint is devoid of any allegation, bald or factual, that Plaintiff has been deprived of any benefit to which he is entitled *solely* as a consequence of his claimed disability. As such, his ADA claims are deficient as a matter of law for this distinct additional reason.

### POINT III

### DAMAGES NOT RECOVERABLE

### A. Introduction

Plaintiff vaguely asserts a claim for personal injury consisting of "delays, emotional distress, further pain and related difficulties when plaintiff had to drive to his home after finding no parking at the Station, and arrange alternative transportation to and from the Station." (¶ 51). As a result, Plaintiff seeks recovery for his alleged "expenses, pain, and distress" (¶ 53). As is related herein, his damage claims are baseless for numerous distinct reasons as a matter of law.

### B. Damages Not Authorized by ADA

The prevailing case law concludes that only injunctive relief is available pursuant to the ADA. *See Pickern v. Holiday Quality Foods, Inc.,* 293 F.3d 1133, 1136 (9th Cir.2002); *Feezor v. Lawrence J. Zangari, Inc.*, 2008 WL 802462 at 1 (S.D.Ca. 2008);

6

*Hubbard*, 433 F.Supp.2d at 1145 (S.D.Cal. 2006); *Parr*, 96 F.Supp.2d at 1087; *Dwyer v. Flower Hospital*, 383 F.Supp.2d 934, 941 (N.D. Ohio 2005); *Pool v. Riverside Health Services, Inc.*, 1995 WL 519129 (D.Kan 1995).

As a result, Plaintiff's damage claims are not cognizable as a matter of law.

### C. No Damages Absent Demonstration of Intentional Discrimination

Although many courts have concluded that damages are not recoverable pursuant to the ADA, others have found that damages are not recoverable absent a demonstration of intentional discrimination. *See Garcia v. S.U.N.Y. Health Sciences Center of Brooklyn*, 280 F.3d 98, 112 (2d Cir. 2001); *Keirnan v. Utah Transit Authority*, 339 F.3d 1217, 1220 (10th Cir. 2003); *Tyler v. City of Manhattan*, 118 F.3d 1400 (10th Cir. 1997).

The allegations of the complaint fail to allege intentional discrimination against Plaintiff. Pursuant to *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1965-66 (2007), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do …. Factual allegations must be enough to raise a right to relief above the speculative level." "To survive a motion to dismiss, a complaint must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Bell Atlantic Corp.*, 127 S. Ct. at 1974; *see also Ruotolo v. City of New York*, 514 F.3d 184 188 (2d Cir. 2008); *Gibbons v. Fronton*, 533 F.Supp.2d 449 (S.D.N.Y. 2008). *Bell Atlantic* requires that the complaint's "[f]actual allegations be enough to raise a right to relief above the speculative level.…" 127 S.Ct. at 1965; *see also Goldstein v. Pataki*, 516 F.3d 50, 57 (2d Cir. 2008). *Bell Atlantic* obligates a pleader to amplify a claim with factual allegations in

7

those contexts where such amplification is needed to render the claim plausible. *See Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007).

In any event, "bald contentions, unsupported characterizations, and legal conclusions are not well pleaded allegations" and will not defeat a motion to dismiss. *See Gavish v. Revlon, Inc.*, 2004 WL 2210269 at 10 (S.D.N.Y. 2004) (*quoting Citibank, N.A. v. Itochu Int'l, Inc.*, 2003 WL 1797847 at 1 (S.D.N.Y. 2003)).

The complaint is completely devoid of any allegations to substantiate Plaintiff's bald and factless allegation that the Defendants intentionally discriminated against him.

Moreover, because the alleged actions purportedly affect all disabled persons and not just an individual plaintiff, they are, in any event, insufficient to allege intentional discrimination pursuant to the ADA. *See Dillery*, 398 F.3d at 568; *Tyler*, 118 F.3d at 1403.

### D. Compensatory Damages for Mental Anguish, Emotional Distress and Humiliation Not Recoverable Pursuant to ADA

Among the various injuries alleged by virtue of the purported insufficiency of handicapped parking spaces, Plaintiff asserts a claim for "emotional distress." (¶ 51). In addition to the complete lack of any factual predicate for such a claim, damages for "emotion distress" are not recoverable pursuant to the ADA as a matter of law.

"[T]he majority of courts addressing the specific question of whether a plaintiff may recover money damages for mental anguish, emotional distress, and humiliation, have held that such compensatory relief is not available under [the ADA]." *Tyler v. City of Manhattan*, 849 F.Supp.2d 1442, 1444 (D.Kan 1994), *aff'd*, 118 F.3d 1400 (10th Cir. 1997); *see also Pool*, 1995 WL 519129 at 5. As a result, Plaintiff's bald claim for damages for "emotional distress" does not state a cognizable claim as a matter of law.

### E. No Individual Liability Pursuant to ADA

Although the complaint is devoid of any allegation sufficient to state a claim against the individual Defendants, the law is clear that individuals may not be liable pursuant to the ADA, either in their personal or official capacities. *See Garcia*, 280 F.3d at 107; *Darcy v. Lippman*, 2008 WL 629999 at 4 (S.D.N.Y. 2008); *Harris v. Mills*, 478 F.Supp.2d 544, 547-48 (S.D.N.Y. 2007); *Delplato v. Meyerhoff*, 2007 WL 542009 at 1 (W.D.N.Y. 2007); *Fox v. State Univ. of New York*, 2007 WL 2193925 at 3 (E.D.N.Y 2007); *Manik v. Avram*, 2006 WL 2942854 at 4 n. 5 (S.D.N.Y. 2006); *Kelly*, 375 F.Supp.2d at 206 (S.D.N.Y. 2005); *Menes v. CUNY Univ.*, 92 F.Supp.2d 294, 306 (S.D.N.Y. 2000); *Sutherland v. New York State Dept. of Law*, 1999 WL 314186 at 21-22 (S.D.N.Y. 1999), *aff'd*, 216 F.3d 1073 (2d Cir. 2000); *Taylor v. Altoona Area School Dist.*, 513 F.Supp.2d 540, 559 (W.D. Pa. 2007) (cases cited therein).

As a result, it is respectfully submitted that the action must be dismissed as against the individual Defendants.

### POINT IV

### NO CLAIMS ASSERTED AGAINST INDIVIDUAL DEFENDANTS

In addition to the fact that damage claims cannot be asserted against individuals, either personally or in their individual capacity, the complaint is utterly devoid of any allegations that state any cognizable claim against the individual Defendants.

### POINT V

### NO COGNIZABLE STATE LAW CLAIM ALLEGED

The complaint is devoid of any factual or legal basis for asserting a claim for injunctive relief or for damages pursuant to State law. In the absence of the assertion of a

predicate for such claims or a cause of action upon which some form of relief might be cognizable, Defendants cannot speculate as to the purported rationale or claim. However, it is clear that the complaint is fails to allege any basis for relief pursuant to New York State law.

## CONCLUSION

The Defendants respectfully submit that the complaint is deficient and fails to state any viable claim as a matter of law.

Dated: Suffern, New York
      June 20, 2008

                                  Rice & Amon

                                  /s/_____
                                  By: Terry Rice (TR 1022)
                                  Attorneys for Defendants
                                  Four Executive Boulevard
                                  Suite 100
                                  Suffern, New York 10901
                                  (845) 357-4000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

**FRED EHRLICH**,

                              Plaintiff,

   -against-                                  07 CV 11597 (SCG)

**ALFRED A. GATTA**, as the Village Manager of Scarsdale,
**WALTER J. HANDELMAN** as the Mayor of Scarsdale,
**JOHN A. BROGAN** as Scarsdale Police Chief, and the
**VILLAGE AND TOWN OF SCARSDALE**,

                              Defendants.

------------------------------------------------------------------X

---

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS COMPLAINT PURSUANT TO RULE 12(c)**

---

                                          Rice & Amon
                                          Attorneys for Defendants
                                          Four Executive Boulevard
                                          Suite 100
                                          Suffern, New York 10901
                                          (845) 357-4000

Terry Rice

**TABLE OF CONTENTS**

| | |
|---|---|
| **PRELIMINARY STATEMENT** | 1 |
| **POINT I** | |
| **THE ACTION IS MOOT** | 1 |
| **POINT II** | |
|     **NO CLAIM STATED PURSUANT TO ADA** | 3 |
|         A.  Introduction | 3 |
|         B. Plaintiff Not Excluded from Use of a Public Service, Program or Activity | 4 |
|         C.  Claimed Denial of Benefit Not Solely Because of Alleged Disability | 6 |
| **POINT III** | |
|     **DAMAGES NOT RECOVERABLE** | 6 |
|         A.  Introduction | 6 |
|         B. Damages Not Authorized by ADA | 6 |
|         C. No Damages Absent Demonstration of Intentional Discrimination | 7 |
|         D. Compensatory Damages for Mental Anguish, Emotional Distress and Humiliation Not Recoverable Pursuant to ADA | 8 |
|         E. No Individual Liability Pursuant to ADA | 9 |
| **POINT IV** | |
|     **NO CLAIMS ASSERTED AGAINST INDIVIDUAL DEFENDANTS** | 9 |
| **POINT V** | |
|     **NO COGNIZABLE STATE LAW CLAIM ALLEGED** | 9 |

**CONCLUSION** 10

## TABLE OF AUTHORITIES

Federal Decisions

*Alexander v. Choate*, 469 U.S. 287 (1985)     4

*Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955 (2007)     7

*Blackwelder v. Safnauer*, 866 F.2d 548 (2d Cir.1989)     1

*Catanzano v. Wing*, 277 F.3d 99 (2d Cir.2001)     2

*Citibank, N.A. v. Itochu Int'l, Inc.*, 2003 WL 1797847 (S.D.N.Y. 2003)     8

*Concerned Parents to Save Dreher Park Ctr. v. City of West Palm Beach*, 846 F.Supp. 986 (S.D.Fla.1994)     6

*Darcy v. Lippman*, 2008 WL 629999 (S.D.N.Y. 2008)     9

*Delplato v. Meyerhoff*, 2007 WL 542009 (W.D.N.Y. 2007)     9

*Diffenderfer v. Cent. Baptist Church, Inc.*, 404 U.S. 412 (1972)     1

*Dillery v. City of Sandusky*, 398 F.3d 562 (6th Cir. 2005)     3, 6, 8

*Douris v. Newtown Borough, Inc.*, 207 Fed.Appx. 242 (3d Cir. 2006)     5

*Douris v. Newtown Borough, Inc.*, 2006 WL 680930 (E.D.Pa.), *aff'd*, 207 Fed.Appx. 242 (3d Cir. 2006)     5

*Dwyer v. Flower Hospital*, 383 F.Supp.2d 934 (N.D. Ohio 2005)     7

*Feezor v. Lawrence J. Zangari, Inc.*, 2008 WL 802462 (S.D.Ca. 2008)     6

*Filetech S.A. v. France Telecom, S.A.*, 157 F.3d 922 (2d Cir. 1998)     2

*Fox v. State Univ. of New York*, 2007 WL 2193925 (E.D.N.Y 2007)     9

*Garcia v. S.U.N.Y. Health Sciences Center of Brooklyn*, 280 F.3d 98 (2d Cir. 2001)     7, 9

*Gavish v. Revlon, Inc.*, 2004 WL 2210269 (S.D.N.Y. 2004)     8

*Gibbons v. Fronton*, 533 F.Supp.2d 449 (S.D.N.Y. 2008)     7

*Goldstein v. Pataki*, 516 F.3d 50 (2d Cir. 2008)     7

*Harris v. Mills*, 478 F.Supp.2d 544 (S.D.N.Y. 2007) — 9

*Hubbard v. 7-Eleven, Inc.*, 433 F.Supp.2d 1134 (S.D. Cal. 2006) — 1-2, 7

*Independent Living Resources v. Oregon Arena Corp.*,
982 F.Supp. 698 (D.Or. 1997) — 1

*Iqbal v. Hasty*, 490 F.3d 143 (2d Cir. 2007) — 8

*Irish Lesbian and Gay Organization v. Giuliani*, 143 F.3d 638 (2d Cir. 1998) — 2

*Jones v. City of Monroe*, 341 F.3d 474 (6th Cir. 2003) — 3-4

*Keirnan v. Utah Transit Authority*, 339 F.3d 1217 (10th Cir. 2003)

*Kelly v. Rice*, 375 F.Supp.2d 203 (S.D.N.Y. 2005) — 5, 9

*Kornblau v. Dade County*, 86 F.3d 193 (11th Cir. 1996) — 5

*Kremens v. Bartley*, 431 U.S. 119 (1977) — 1

*LeBlanc v. Cleveland*, 198 F.3d 353 (2d Cir. 1999) — 2

*Lewis v. Cont'l Bank Corp.*, 494 U.S. 472 (1990) — 1

*Manik v. Avram*, 2006 WL 2942854 (S.D.N.Y. 2006) — 9

*Menes v. CUNY Univ.*, 92 F.Supp.2d 294 (S.D.N.Y. 2000) — 9

*Mitchell v. City of Kalamazoo*, 2006 WL 3063433 (W.D.Mich. 2006) — 6

*Morrison v. Amway Corp.*, 323 F.3d 920 (11th Cir.2003) — 2

*Mortensen v. First Federal Sav. and Loan Ass'n*, 549 F.2d 884 (3d Cir. 1977) — 2

*Muhammad v. City of New York Dept. of Corrections*, 126 F.3d 119 (2d Cir.1997) — 1

*Parr v. L & L Drive Inn Restaurant*, 96 F.Supp.2d 1065 (D. Haw. 2000) — 2, 7

*Pickern v. Holiday Quality Foods, Inc.*, 293 F.3d 1133 (9th Cir.2002) — 6

*Pool v. Riverside Health Services, Inc.*, 1995 WL 519129 (D.Kan 1995) — 7, 8

*Preiser v. Newkirk*, 422 U.S. 395 (1975) — 1

*Princeton Univ. v. Schmid*, 455 U.S. 100 (1982) — 1

*Robinson v. Government of Malaysia*, 269 F.3d 133 (2d Cir. 2001) — 2

*Ruotolo v. City of New York*, 514 F.3d 184 (2d Cir. 2008) — 7

*Ryan v. Grae & Rybicki, P.C.*, 137 F.3d 867 (2d Cir. 1998) — 4

*Southeastern Cmty. College v. Davis*, 442 U.S. 397 (1979) — 4

*Sutherland v. New York State Dept. of Law*, 1999 WL 314186 (S.D.N.Y. 1999), *aff'd*, 216 F.3d 1073 (2d Cir. 2000) — 9

*Taylor v. Altoona Area School Dist.*, 513 F.Supp.2d 540 (W.D. Pa. 2007) — 9

*Tyler v. City of Manhattan*, 118 F.3d 1400 (10th Cir. 1997) — 7, 8

*Tyler v. City of Manhattan*, 849 F.Supp.2d 1442 (D.Kan 1994), *aff'd*, 118 F.3d 1400 (10th Cir. 1997) — 8

*Wernick v. Federal Reserve Bank of New York*, 91 F.3d 379 (2d Cir. 1996) — 4

*White River Amusement Pub, Inc. v. Town of Hartford*, 481 F.3d 163 (2d Cir. 2007) — 2

*Wilson v. Pier 1 Imports*, 439 F.Supp.2d 1054 (E.D. Cal. 2006) — 1

*World Insurance Co. v. Branch*, 156 F.3d 1142 (11th Cir. 1998) — 1


Federal Statutes, Regulations

42 U.S.C. § 12132 — 3

28 C.F.R. Part 35, Appendix A — 2

28 C.F.R. § 35.150 — 2

New York State Regulations

9 NYCRR § 1101 — 2

9 NYCRR § 1106 — 2